IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

Plaintiff,

ORDER

03-cr-79-wmc-1

v.

JOHN I. SMITH,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of John I. Smith's supervised release was held on July 20, 2017, before U.S. District Judge William M. Conley. Assistant U.S. Attorney Rita Rumbelow appeared for the government. The defendant was present in person and by defense counsel Shelley Fite. Also present was U.S. Probation Officer Jelani Brown.

## FACTS

From the record, I make the following findings of fact. The defendant was sentenced by the Honorable John C. Shabaz in the Western District of Wisconsin on December 9, 2003, following his conviction for possession with intent to distribute a mixture and substance containing heroin in violation of 21 U.S.C. § 841(a)(1), a Class C felony. The defendant was committed to the custody of the Bureau of Prisons to serve a 188-month term of imprisonment, with a 36-month term of supervised release to follow. The defendant began his term of supervised release on September 8, 2016.

It is *alleged* that the defendant violated the mandatory condition requiring that he not commit another federal, state, or local crime. Specifically, on January 30, 2017, he was issued a

citation by the Madison, Wisconsin, Police Department for possession of heroin, having been found incapacitated near his girlfriend's apartment. Responding paramedics determined that he had overdosed on heroin, for which he was subsequently charged for possession in Dane County Circuit Court Case No. 17CF500. On March 6, 2017, the Dane County District Attorney's Office also charged the defendant with manufacture/delivery of Schedule I, II narcotics and manufacture/deliver heroin (less than 3 grams) in Dane County Circuit Court Case No. 17CF573.

Consistent with (though not depending upon the accuracy of those state charges), the Probation Office alleges that the defendant violated Special Condition No. 3, requiring him to abstain from the use of illegal drugs. Specifically, on March 21, April 20, May 10 and May 19, 2017, as well as June 2, 2017, the defendant tested positive for heroin or opiate use. He further admitted to using heroin on March 19 and April 20, 2017.

On April 17, 2017, the probation office submitted a Report on Offender Under Supervision requesting a telephone conference with the Court to discuss the defendant's response to his pending state charges and his continued drug use. That telephone conference was facilitated on May 10, 2017, through the probation office. During the conference, I explained to the defendant that his noncompliance was of serious concern and that his continued use of heroin would likely lead to a return to court for judicial review, unless the Probation Office felt his ongoing efforts to comply made him an unworthy candidate for imprisonment.

Sadly, the defendant submitted two additional urine specimens that tested positive for opiates following that telephone conference, although he denied use of opiates on those two occasions.

The defendant has prior convictions for controlled substance offenses in Dane County, Wisconsin, Circuit Court; and Cook County, Illinois, Circuit Court. Consistent with the Seventh

Circuit Court of Appeals decision in *United States v. Trotter*, 270 F. 3d 1150, 1152 (7th Cir. 2001), any subsequent illegal possession itself could constitute a felony offense.  If the Court finds that the defendant's prior convictions constitute a felony, his alleged conduct would fall into the category of a Grade B violation, as defined at § 7B1.1(a)(3)(B) of the Guidelines Manual.  If the court were to determine that he possessed and used a controlled substance as alleged above, revocation is mandatory under 18 U.S.C. § 3583(g)(1).

Finally, while the defendant's conduct warrants revocation, Smith has been in outpatient treatment since April 17, 2017, only missing 2 days attendance and has been in general compliance with all of the counseling requirements.  He is also reported to be following clinic and state guidelines, and reported to be "progressing as expected."  As a result, his counselor believes that "[i]t would be illogical to go backwards at this point, incarcerating the patient and hoping he can have a successful transition at a later date when he is progressing right now."  In talking candidly to the counselor today, however, it was clear that even he is concerned about Smith's continued use of heroin, now more than 2 ½ months into his methadone treatment.  As a result, the Probation Office recommended that Smith be enrolled in a more intensive in-patient treatment program.

Although the defendant's alleged violations are serious, I am persuaded that postponing the judicial review for 45 days is warranted.  This will provide the defendant with an opportunity to successfully complete the recommended residential substance abuse treatment program.

ORDER

IT IS ORDERED that the judicial review be postponed for 45 days.  The defendant shall remain on supervised release and comply with the conditions of his supervision as previously ordered, to include a placement at a residential treatment center where he can obtain the substance abuse treatment.  Any sentence to imprisonment the defendant may receive will largely be

determined by his conduct during the next 45 days.  Upon the first available vacancy, the defendant

shall, therefore, be placed in the 27-day substance abuse treatment program at Attic Correctional

Services in Madison, Wisconsin.  He is to abide by all program rules.  The probation office is to

notify the court if the defendant is removed from the program before successful completion.

Failure to successfully complete the program will result in the defendant's prompt return to court

to resume this judicial review proceeding.

Entered this 20th day of July 2017.

BY THE COURT:

Honorable William M. Conley
U.S District Judge

4